IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DR. JASMINE YOUNGE,<br><br>    Plaintiff,<br><br>v.<br><br>FULTON JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE, GEORGIA, and FULTON COUNTY DISTRICT ATTORNEY PAUL L. HOWARD, JR., in his individual capacity,<br><br>    Defendants. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Jasmine Younge ("Plaintiff" or "Dr. Younge"), by and through undersigned counsel, and files this Complaint for Damages, showing the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant Fulton Judicial Circuit District Attorney's Office,

1

Georgia's ("Defendant Fulton DA's Office") violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

2.

Plaintiff also brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant Fulton DA's Office and Defendant Fulton County District Attorney Paul L. Howard, Jr.'s ("Defendant Howard" or "Howard")(collectively, "Defendants") violation of her rights under 42 U.S.C. § 1983 for discrimination and retaliation based on sex in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, U.S. Const. amend. XIV and violation of Plaintiff's rights under the First Amendment to the United States Constitution as enforced through 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b)

4.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

5.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the EEOC on September 17, 2019; the EEOC issued its Notice of Right to Sue on November 14, 2019.

6.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

7.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

At all times relevant, Defendant Fulton DA's Office was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

Defendant Fulton DA's Office may be served with process by delivering a copy of the summons and complaint to Patrise M. Perkins-Hooker, Fulton County Attorney, Fulton County Office of the County Attorney, 131 Pryor Street SW, Suite 4038, Atlanta, GA 30303.

10.

Defendant Howard may be served with process by delivering a copy of the summons and complaint to his place of business, 136 Pryor Street, Atlanta, GA 30303.

## FACTUAL ALLEGATIONS

11.

Dr. Younge began working for Defendant on or about May 1, 2019, as Deputy Chief of Staff and Director of Policy & Programs to District Attorney Paul L. Howard, Jr.

12.

From the start of her employment, District Attorney Paul L. Howard, Jr. relied extensively on Dr. Younge as his 'go to' person.

13.

From May 1 to July 1, Dr. Younge worked for Howard without any issues, including no write-ups, reprimands or concerns raised to her.

14.

On July 1, 2019, Dr. Younge notified Howard that she was pregnant.

15.

Dr. Younge also disclosed to Howard that her pregnancy was considered high-risk, providing a letter explaining that.

16.

Immediately after being told of her pregnancy status, Howard became highly agitated, raised his voice and demanded to know if Dr. Younge was trying to threaten him, yelling: "What the hell?  Is this a threat?"

17.

Howard then called in his assistant, threw the letter at her, and yelled: "What the hell am I supposed to do with this?"

18.

Within the hour, Howard started looking for another candidate to replace Dr. Younge.

19.

Thereafter, Howard began to systematically discriminate and retaliate against Dr. Younge.

20.

Although Dr. Younge had been Howard's go-to employee before she disclosed her pregnancy, afterwards he began to ignore her.

21.

Howard excluded Dr. Younge from meetings.

22.

Howard removed Dr. Younge's job duties without explanation.

23.

After reassigning certain duties to a white male, Howard told Dr. Younge that she should be ashamed that a "white boy" had to do her work.

24.

During her employment, Dr. Younge also witnessed Howard make other race-based comments about African-American employees.

25.

Howard stated that he needed more white people on his staff in order to increase his diversity numbers.

26.

Howard also stated that African-American employees have to align with Caucasians to validate, and said that he needed more Caucasians on his staff because diversity numbers were weighted toward African-American employees.

27.

While meeting with Fulton County vendors, Howard asked whether there were any white people on the vendor's staff, then told them they should look for white intellectuals with credentials to get more of an edge.

28.

On July 15, 2019, Howard asked for Dr. Younge's resignation.

29.

Howard claimed that she was no longer effective in her role, despite receiving no negative feedback prior to her pregnancy status disclosure.

30.

Dr. Younge had her badge taken and her access to the building was revoked.

31.

Dr. Younge submitted written notice on July 18, 2019, indicating that she was not resigning and requesting to be reinstated.

32.

In response, Howard mailed her a letter terminating her employment effective July 29, 2019.

33.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

34.

Others outside of the Dr. Younge's protected class were treated differently.

## CLAIMS FOR RELIEF

## COUNT ONE: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

*(Against Defendant Fulton Judicial Circuit District Attorney's Office and Defendant Howard in his official capacity as agent of the Fulton Judicial Circuit District Attorney's Office, Georgia)*

35.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

36.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."

37.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

38.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

39.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her gender.

40.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

41.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

## COUNT TWO:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

*(Against Defendant Fulton Judicial Circuit District Attorney's Office and Defendant Howard in his official capacity as agent of the Fulton Judicial Circuit District Attorney's Office, Georgia)*

42.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

43.

Defendants' actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaluation in violation of Title VII.

44.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

45.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful retaliation.

## COUNT THREE: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

*(Against Defendant Fulton Judicial Circuit District Attorney's Office and Defendant Howard in his official capacity as agent of the Fulton Judicial Circuit District Attorney's Office, Georgia)*

46.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

47.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

48.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

49.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

50.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

51.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

## COUNT FOUR: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

*(Against Defendant Fulton Judicial Circuit District Attorney's Office and Defendant Howard in his official capacity as agent of the Fulton Judicial Circuit District Attorney's Office, Georgia)*

52.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

53.

Defendants subjected Plaintiff to discrimination and harassment on the basis of her race.

54.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

55.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

56.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

57.

As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

58.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

59.

Defendants chose not to take appropriate remedial steps to prevent or correct the harassment.

## **COUNT FIVE: GENDER-BASED DISCRIMNATION IN VIOLATION OF EQUAL PROTECTION RIGHTS UNDER THE FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983**

*(Against Defendant Howard in his individual capacity)*

60.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

61.

Defendant Howard is a person for purposes of 42 U.S.C. § 1983.

62.

Plaintiff is a female and a member of a protected class for purposes of interpretation of § 1983.

63.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the states and state actors from discriminating against individuals based on their sex.

64.

Defendant Howard violated Plaintiff's rights under the Equal Protection Clause of the 14th Amendment by impermissibly discriminating against her on the basis of her gender.

65.

Defendant Howard encouraged the practice of gender stereotyping and discriminated against Plaintiff on the basis of gender because, among other things, he oppressed his female employees, treated his male employees more favorably, disciplined his female employees more harshly as compared to his male employees, and perpetuated a workplace environment of harassment and retaliation against the female gender that deprived them of equal opportunity in the workplace.

66.

Defendant Fulton DA's Office failed to supervise or discipline Defendant Howard and allowed his pattern of anti-harassment and non-discrimination to continue in the workplace while Dr. Younge was employed by Defendant Fulton DA's Office.

67.

Defendant Fulton DA's Office had actual knowledge of Defendant Howard's pattern of wrongdoing and failed to prevent it or correct it.

68.

Defendant Howard executed a pattern of actions and decisions contrary to Defendant Fulton DA's Office's written policies.

69.

Defendant Fulton DA's Office failed to take action in accordance with its own written policies.

70.

Defendant Howard's conduct as alleged in this Complaint denied Plaintiff equal protection of the laws as guaranteed under the Fourteenth Amendment to the United States Constitution.

71.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, including but not limited to loss of wages, raises, bonuses, retirement benefits, pain, suffering, harm to reputation, and humiliation caused by such illegal treatment, because of her sex.

72.

Defendant Howard acted deliberately and with forethought to punish and discriminate against Plaintiff with callous and/or reckless indifference to her federally protected rights, entitling Plaintiff to an award of punitive damages to be determined by the enlightened conscience of a jury.

73.

As a direct and proximate result of the discrimination described above, Plaintiff has suffered injury and damages, inter alia, financial damages, mental pain and suffering, harm to reputation, humiliation, mental anguish and substantial emotional distress.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages against Defendant Paul Howard individually based on Defendant Paul Howard's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 13th day of February, 2020.

                              **BARRETT & FARAHANY**

                             /s/ *Amanda A. Farahany*
                             Amamda A. Farahany
                             Georgia Bar No. 646135

                             *Attorneys for Jasmine Younge*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@justiceatwork.com