**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DR. JASMINE YOUNGE,<br><br>Plaintiff,<br><br>v.<br><br>FULTON JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE, GEORGIA, and FULTON COUNTY DISTRICT ATTORNEY PAUL L. HOWARD, JR., in his individual capacity,<br><br>Defendants. | CIVIL ACTION NO.<br>1:20-cv-00684-WMR-CMS |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

COME NOW Fulton Judicial Circuit District Attorney's Office, Georgia and Fulton County District Attorney Paul L. Howard, Jr., Defendants in the above styled civil action, with this their Brief in Support of Motion to Dismiss, showing this Honorable Court as follow:

## STATEMENT OF FACTS

Plaintiff was employed as Deputy Chief of Staff and Director of Policy and Programs at the Fulton Judicial Circuit District Attorney's Office (hereinafter referred to as "the DA's office"). (Doc. 1, ¶ 11). Plaintiff was employed for approximately three months, from May 1, 2019 to July 29, 2019. (Id., ¶ 11, 32). Plaintiff named the DA's office and Fulton County District Attorney Paul L.

Howard, Jr. (hereinafter referred to as "Howard") in his individual capacity. (Doc. 1).

In her Complaint, Plaintiff attempts to assert a number of claims against the DA's office and Howard, in his official capacity, arising out of her employment.[1] These claims are: (1) gender discrimination in violation of Title VII; (2) retaliation in violation of Title VII; (3) race discrimination in violation of Title VII; (4) race discrimination in violation of 42 U.S.C. § 1981; and (5) gender based discrimination in violation of equal protection rights under the 14th Amendment. (Id.). Plaintiff brings all claims, except for the equal protection claim, against the DA's Office and Howard, in his official capacity. (Id.). Plaintiff's equal protection claim is brought against Howard in his individual capacity. (Id.).

Generally, Plaintiff's Complaint alleges that Plaintiff notified Howard two months after she began work that she was pregnant. (Id., ¶ 14). Thereafter, Plaintiff alleges that Howard began to discriminate and retaliate against her. (Id., ¶ 19). Plaintiff's Complaint also alleges that Howard made stray racial comments. (Id., ¶ 23-27).

The Defendants are entitled to dismissal of each of Plaintiff's claims against them because her Complaint fails to plead facts beyond a formulaic recitation of the

---

[1] Plaintiff's Complaint does not name Howard, in his official capacity, in the style of the Complaint but alleges claims against Howard in his official capacity in the body of the Complaint. (Doc. 1, Counts 1 – 4).

elements of each of her claims. Plaintiff's allegations against the Defendants are largely conclusory allegations.

## ARGUMENT AND CITATION OF AUTHORITY

All claims in Plaintiff's Complaint should be dismissed on the grounds that Plaintiff's Complaint: (1) is a shotgun pleading; (2) fails to state a gender based discrimination claim under Title VII and equal protection; (3) fails to state a claim for retaliation; (4) fails to state a claim for race discrimination under Title VII and Section 1981; and (5) Plaintiff's claims against Howard, in his official capacity, are redundant.

### I. Standard of Review

For purposes of a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. Hardy v. Regions Mort., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006). But to survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) *quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations

omitted). In addition, "unwarranted deductions of fact in a complaint are not admitted as true for the purposes of testing the sufficiency of [the plaintiff's] allegations". Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

While a pleading alleging employment discrimination may not require the "pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Confer. of Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (citations omitted). The Eleventh Circuit

has stated that a complaint must "contain either direct or inferential allegations respecting all material elements necessary to sustain a recovery under some viable legal theory." Randall v. Scott, 610 F.3d 701, 716 n. 2 (11th Cir. 2010). An employment discrimination complaint must provide enough factual matter to plausibly suggest intentional discrimination. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Ashcroft v. Iqbal, 556 U.S. at 678. Here, Plaintiff's Complaint fails short of that line. Even accepting Plaintiff's allegations as true, her complaint fails to state a claim for which relief may be granted.

## II. Plaintiff's Complaint is a Shotgun Pleading

Plaintiff's Complaint is a shotgun pleading and should be dismissed as a matter of law. A shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts … contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). When a plaintiff submits a shotgun pleading, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. Of Cent. Fla. Cmty. Coll.,

77 F.3d 364 366 (11th Cir. 1996). The Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" these shotgun pleadings. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008) (abrogated on other grounds by Twombly, 550 U.S. 544): see also Ebrahimi v. City of Huntsville Bd. of Educ., 114 F. 3d 162, 165 (11th Cir. 1997) ("shotgun notice pleadings … impede the orderly, efficient and economic disposition of disputes.").

Plaintiff's Complaint sets forth five counts against Defendants; two counts based on gender discrimination, two counts based on race discrimination and one count of retaliation.[2] Each count in Plaintiff's Complaint "re-alleges the preceding paragraphs as if set forth fully herein". (Doc. 1, ¶ 35, 42, 46, 52, 60). Plaintiff's Complaint does not specify which of the alleged facts support which claims. Plaintiff's incorporation of every fact and allegation into every count is a classic example of a shotgun pleading which violates the practice of this Circuit, warranting dismissal.

## III. Plaintiff's Complaint Fails to State a Claim under the Pregnancy Discrimination Act of Title VII

The Pregnancy Discrimination Act (PDA) prohibits discrimination based on pregnancy, childbirth or related medical conditions. Armstrong v. Flowers Hosp.,

[2] It is unclear whether Plaintiff's retaliation claim is based on gender, on race, or both.

Inc., 33 F.3d 1308, 1312-1313 (11th Cir. 1994) (abrogated in part as recognized by Durham v. Rural/Metro Corp., 955 F.3d 1279 (11th Cir. 2020). The 11th Circuit has held that the "PDA does not require that employers give preferential treatment to pregnant employees." Spivey v. Beverly Enter., Inc., 196 F.3d 1309, 1312 (11th Cir. 1999). (abrogated in part as recognized by Durham v. Rural/Metro Corp., 955 F.3d 1279 (11th Cir. 2020)).

In a Title VII discrimination case, Plaintiff may establish a claim of illegal discrimination through either direct or circumstantial evidence.[3] Schoenfeld v. Babbitt, 168 F.3d 1257, 1266 (11th Cir. 1990). The Eleventh Circuit has found direct evidence where "actions or statements of an employer reflect[] a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." Caban-Wheeler v. Elsea, 904 F.2d 1549, 1555 (11th Cir. 1990) (abrogated on other grounds by St. Mary's Honor Center v. Hicks, 904 F.2d 1549 (11th Cir. 1990). The standard for showing "direct evidence is a stringent one and only the most blatant comments will serve to prove such intent." Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081-82 (11th Cir. 1990). The direct evidence must relate to the specific employment decision at issue without inference or presumption. EEOC v. Joe's Stone Crab, 220 F.3d 1263, 1286 (11th Cir. 2000);

---

[3] The analysis for Title VII claims and equal protection claims are identical where the claims are based on the same set of facts. Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).

Burrell v. Bd. of Trustees of Ga. Military Coll., 125 F.3d 1390, 1393 (11th Cir. 1997) ("Direct evidence is generally defined as 'evidence which, if believed, proves the existence of a fact and issue without the need to indulge in inference or presumption.'"); Carter v. City of Miami, 870 F.2d 578, 581-82 (11th Cir. 1989). Moreover, "only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of some impermissible factor" constitute direct evidence of discrimination. Rojas v. Florida, 285 F.3d 1339, 1342 n. 2 (11th Cir. 2002) (quoting Schoenfeld, 168 F.3d at 1266). An oft-cited example of direct evidence of discrimination is "a management memorandum saying, 'fire Earley – he's too old.'" Earley, 907 F.2d at 1081. On the other hand, if the alleged statement or action suggests, but does not prove a discriminatory motive, then it is circumstantial evidence. See Burrell, 125 F.3d at 1393-94. Plaintiff's Complaint does not allege any direct evidence of discrimination based on sex or pregnancy.

Since Plaintiff's Complaint does not allege direct evidence of discrimination, Plaintiff's Complaint must be relying of circumstantial evidence under the burden shifting analysis of the McDonnell Douglas Corp. case to state a claim. To establish a prima facie case under the PDA, a Plaintiff must establish that "(1) she's a member of the protected class; (2) she requested accommodation; (3) the employer refused her request; and (4) the employer nonetheless accommodated others 'similar in their

ability or inability to work.'" Durham v. Rural/Metro. Corp., 955 F.3d at 1287 (citing Young v. United Parcel Service, 575 U.S. 206, 135 S. Ct. 1338 (2015).

Plaintiff's Complaint fails to allege the accommodation she requested. Plaintiff's Complaint does not allege whether Plaintiff was requesting an extended leave, part-time work or some other accommodation. This failure alone justifies dismissal of this claim. Plaintiff's Complaint also fails to allege that Defendant accommodated others "similar in the ability or inability to work". Durham v. Rural/Metro Corp., 955 F.3d at 1287. The only allegation that even comes close in Plaintiff's Complaint is the allegation that "[o]thers outside of the Dr. Younge's protected class were treated differently." (Doc. 1, ¶ 34). This allegation fails to "contain sufficient factual matter" to state a claim. Iqbal, 556 U.S. at 678. This allegation is nothing more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action". Twombly, 550 U.S. at 555. Therefore, Plaintiff has failed to state a claim under the PDA or equal protection.

## IV. Plaintiff's Complaint Fails to State a Claim for Retaliation

Similar to a discrimination claim, a retaliation claim is also subject to the McDonnell Douglas burden-shifting framework. Clark v. S. Broward Hosp. Dist., 601 Fed. Appx. 886, 890-91 (11th Cir. 2015) (citations omitted); Brown v. Alabama Dept. of Transp., 597 F.3d 1160, 1181 (11th Cir. 2010) ("When a plaintiff offers only

circumstantial evidence to prove her Title VII claim, as Plaintiff does here, we employ the burden-shifting framework established by the Supreme Court in McDonnell Douglas…"). To establish a prima facie Title VII retaliation claim, "a plaintiff must show that: (1) she engaged in statutorily protected activity; (2) she suffered a material adverse action; and (3) causation." Id. at 891. In order to show causation, the protected activity must be the but-for cause of her termination. Mealing v. Ga. Dept. of Juvenile Justice, 564 Fed. Appx. 421, 426-27 (11th Cir. 2014).[4]

Here, Plaintiff's shotgun pleading and conclusory allegations make it impossible to determine whether Plaintiff's claim of retaliation is based on race, gender, or both. Plaintiff's Complaint contends that "terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation," without alleging sufficient factual detail. (Doc. 1, ¶ 43); Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) ("conclusory allegations without specific supporting facts have no probative value."). In addition, Plaintiff fails to allege any factual detail concerning a protected activity. See Brown v. City of Opelika, 211 Fed. Appx. 862, 864 (11th Cir. 2006) (finding that plaintiff had not engaged in any

---

[4] The elements required to establish a retaliation claim under Section 1981 are the same as those required under Title VII for race-based claims. Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277 (11th Cir. 2008).

protected activity because she never complained about discrimination). Therefore, Plaintiff's Complaint fails to state a claim for retaliation under Title VII and Section 1981.

## V. Plaintiff's Complaint Fails to State a Claim for Racial Discrimination

Plaintiff's Complaint fails to allege sufficient factual detail to set forth a claim of racial discrimination. Plaintiff's Complaint has alleged no facts showing direct evidence of discrimination for the same reasons set forth in subsection III of this brief. Therefore, Plaintiff must be relying on allegations suggesting circumstantial evidence to state a claim for racial discrimination. To establish a prima facia case of race discrimination, a plaintiff must show that "(1) she is a member of a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees more favorably".[5] Hopkins v. St. Lucie Cnty. Sch. Bd., 399 Fed. Appx. 563, 565 (11th Cir. 2010). Plaintiff's Complaint fails to allege Plaintiff's race. It also fails to allege the race of Howard. Moreover, the Complaint's lack of specific factual detail makes it impossible to determine whether Plaintiff is attempting to state a disparate treatment claim or a hostile work environment claim. The most that can be said of Plaintiff's

---

[5] Both Title VII and Section 1981 have the same requirements of proof and use the same analytical framework. Goldsmith v. Bagby Elevator Co., 513 F.3d at 1277.

allegations is that they allege a mere possibility of discrimination, which is insufficient. Iqbal, 556 U.S. at 678 (when a complaint pleads facts which are merely consistent with a defendant's liability, the complaint fails to state a claim).

Plaintiff's Complaint fails to allege any facts that would allow this Court to infer that Defendant treated those outside of her protected group more favorably. Hopkins v. St. Lucie Cnty. Sch. Bd., 399 Fed. Appx. at 566 (affirming the dismissal of plaintiff's race discrimination claim because plaintiff's complaint provided "no facts that would allow a court to infer that plaintiff's employer treated those outside the class of African-American males more favorably."); Henley v. Turner Broadcasting System, Inc., 267 F. Supp. 3d 1341, 1352 (N.D. Ga. 2017) ("If a plaintiff fails to show the existence of a similarly-situated employee, judgment as a matter of law is appropriate where no other plausible allegation of discrimination is present") (citations omitted). The only allegation that even comes close in Plaintiff's Complaint is "[o]thers outside of the Dr. Younge's protected class were treated differently." This allegation, however, fails to "contain sufficient factual matter", Iqbal, 556 U.S. at 678, and is nothing more than "labels and conclusions, and a formulaic recitation." Twombly, 550 U.S. at 555. Therefore, Plaintiff's Complaint fails to state a claim of racial discrimination under Title VII and Section 1981.

## VI. Plaintiff's Title VII Claims Against Howard, in his Official Capacity, is Redundant and Should be Dismissed.

Plaintiff's claims against Howard, in his official capacity, are redundant of her claims against the DA's office. Owens v. Fulton Cty., 877 F.2d 947, 951 n.5 (11th Cir. 1989) ("For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents."); M.R. v. Bd. of School Comm'rs of Mobile Cty., 2012 WL 2931263, at *2 (S. D. Ala. July 18, 2012) ("Plainly, then, extensive authorities illustrate the well-entrenched principle that suits against both an official in his or her official capacity and the entity that official represents are redundant and unnecessary.") (citations omitted). Moreover, the relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of Title VII. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Plaintiff's employer is the DA's Office and Plaintiff's Complaint names the DA's Office as a Defendant. Thus, Plaintiff's official capacity claims against Howard are duplicative and unnecessary.

In addition, allowing Title VII claims against a governmental employer and a state official in his or her official capacity "are likely to be confusing to a jury." King v. Fulton Cty., Ga., Civil Action No. 1:08-CV-3729-TWT, 2009 WL 1322341, at *3 (N.D. Ga. May 11, 2009). "To eliminate this confusion," the Court should "exercise [its] discretion to dismiss the redundant official capacity claims against the

individual defendants." Id. Therefore, Plaintiff's Title VII claims against Howard, in his official capacity, should be dismissed.

## CONCLUSION

Defendants are entitled to dismissal of each of Plaintiff's claims against them because her Complaint fails to plead facts beyond a formulaic recitation of the elements of each of her claims. Plaintiff's allegations against Defendants are largely conclusionary allegations. Therefore, Plaintiff's Complaint should be dismissed.

Respectfully submitted,

/s/ Paul Henefeld
Paul Henefeld, Esq.
Georgia Bar No. 346755
/s/Noah Green
Noah Green, Esq.
Georgia Bar No. 468138
*Attorneys for Defendants*

9 Lenox Pointe, N.E., Suite B
Atlanta, Georgia 30324
404-841-1275
Fax 404-841-0248
pah@aps-law.com
ng@aps-law.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

This 20th day of May, 2020.

Respectfully submitted,

/s/ Paul Henefeld
Paul Henefeld, Esq.
Georgia Bar No. 346755
/s/Noah Green
Noah Green, Esq.
Georgia Bar No. 468138
*Attorneys for Defendants*

9 Lenox Pointe, N.E., Suite B
Atlanta, Georgia 30324
404-841-1275
Fax 404-841-0248
pah@aps-law.com
ng@aps-law.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DR. JASMINE YOUNGE,<br><br>Plaintiff,<br><br>v.<br><br>FULTON JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE, GEORGIA, and FULTON COUNTY DISTRICT ATTORNEY PAUL L. HOWARD, JR., in his individual capacity,<br><br>Defendants. | CIVIL ACTION NO.<br>1:20-cv-00684-WMR-CMS |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing parties with a copy of **Brief in Support of Defendants' Motion to Dismiss** by filing same with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This 20th day of May, 2020.

Respectfully submitted,

/s/ Paul Henefeld
Paul Henefeld, Esq.
Georgia Bar No. 346755
/s/Noah Green
Noah Green, Esq.
Georgia Bar No. 468138
*Attorneys for Defendants*