**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DR. JASMINE YOUNGE, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. |
| | § | 1:20-cv-00684-WMR-CMS |
| v. | § | |
| | § | |
| FULTON JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE, GEORGIA, AND FULTON COUNTY DISTRICT ATTORNEY PAUL L. HOWARD, JR., in his individual capacity, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW Defendant District Attorney's Office for the Fulton Judicial Circuit ("DA's Office"),[1] by and through undersigned counsel, and answers the numbered paragraphs of Plaintiff's Complaint as follows:

[1] All claims, save the pregnancy claims under Title VII in Counts One and Two, have been dismissed. [ECF No. 52]

## GENERAL DENIAL

Defendant denies each and every allegation of fact and conclusion of law contained in the Complaint that has not been expressly admitted in the foregoing numbered paragraphs.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint. Insofar as any of the following expresses denial of an element of the claims, or any of them, alleged against Defendant, such expression is in no way intended as a concession that Plaintiff is relieved of her burden to prove each and every element of any such claim. Defendant does not assume the burden on any defense asserted that is adjudged not to be an affirmative defense whether listed here or not.

## FIRST DEFENSE

Plaintiff has failed to allege sufficient facts to state any claims upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

**THIRD DEFENSE**

Defendant engaged in good faith efforts to comply with civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state and/or federal law.

**FOURTH DEFENSE**

All actions taken by Defendant regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory reasons that were in no way related to Plaintiff's pregnancy or any other protected activity or characteristic.

**FIFTH DEFENSE**

Even assuming any adverse action was taken against Plaintiff in which an impermissible consideration was a factor— which Defendant denies— Defendant would have taken the same action even in the absence of the impermissible consideration.

**SIXTH DEFENSE**

Plaintiff's causes of action as stated in the Complaint are barred by the doctrine of avoidable consequences because Plaintiff unreasonably failed to make use of Defendant's procedures by failing to timely and properly report any alleged

discrimination or harassment, and Plaintiff's damages could have been avoided in whole or in part by reasonable use of these procedures.

**SEVENTH DEFENSE**

If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant's policies and good faith efforts to comply with the law, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

**EIGHTH DEFENSE**

Plaintiff's damages, if any, may be reduced or offset by virtue of any recovery she has obtained or may obtain from any other source as a result of any workers' compensation claim, unemployment benefits, disability benefits, or other employment.

**NINTH DEFENSE**

Plaintiff has an obligation to mitigate her damages and has failed to do so.

**TENTH DEFENSE**

Plaintiff's claims, in whole or in part, are foreclosed and her damages limited by the after-acquired evidence doctrine.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrines of estoppel, waiver, unclean hands, and/or laches, including, but not limited to, that Plaintiff's own actions were in contravention of Defendant's policies and procedures and/or her own actions led to any employment actions she is now claiming to be discriminatory.

**TWELFTH DEFENSE**

Some or all of the relief Plaintiff seeks is barred or limited by applicable statutory damage caps under state and federal law.

**THIRTEENTH DEFENSE**

Plaintiff cannot establish pregnancy as a "but-for" cause of the challenged adverse employment action. *See Univ. of Tex. S.W. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

**FOURTEENTH DEFENSE**

Defendant's employment decisions regarding Plaintiff were based on legitimate, nondiscriminatory reasons and were consistent with business necessity.

**FIFTEENTH DEFENSE**

There is no causal connection between any alleged protected conduct displayed by the Plaintiff and her termination, and there is no evidence of animus by the Defendant against the Plaintiff for the exercise of any protected right.

**FOURTEENTH DEFENSE**

Plaintiff cannot recover against Defendant because Defendant committed no act or omission constituting discrimination or a violation of any rights of Plaintiff.

**FIFTEENTH DEFENSE**

To the extent Plaintiff has failed to exhaust and/or timely exhaust her administrative remedies, her claims are barred.

**FIFTEENTH DEFENSE**

Plaintiff has not satisfied all conditions precedent to suit under Title VII and the case must therefore be dismissed.

**THIRTEENTH DEFENSE**

Plaintiff fails to state a cause of action for attorney's fees.

**FOURTEENTH DEFENSE**

Specifically responding to the allegations contained in the numbered paragraphs of Plaintiff's Complaint, Defendant further answers as follows:

## NATURE OF THE COMPLAINT

1. To the extent an answer is required, Defendant admits that Plaintiff brings this lawsuit seeking damages against the DA's Office pursuant to Title VII of the Civil Rights Act of 1964 but denies any wrongdoing.
2. All claims against Defendant Paul Howard have been dismissed in full and therefore no response is required, hence Defendant denies all allegations in paragraph 2.

## JURISDICTION AND VENUE

3. In response to Paragraph 3 of the Amended Complaint, Plaintiff's statement regarding jurisdiction is a conclusion of law to which no response is required. To the extent a response is required, Defendant admits this Court has jurisdiction over this matter.
4. In response to Paragraph 4 of the Amended Complaint, Defendant admits venue is proper. Defendant denies all remaining or inconsistent allegations in this paragraph.

## ADMINISTRATIVE PROCEDURES

5. Defendant lacks sufficient information to admit or deny the facts contained in Paragraph 5 of the Amended Complaint and hence denies same and demands strict proof thereof from Plaintiff.

6. Defendant lacks sufficient information to admit or deny the facts contained in Paragraph 6 of the Amended Complaint and hence denies same and demands strict proof thereof from Plaintiff.

## PARTIES

7. Defendant lacks sufficient information to admit or deny the facts contained in Paragraph 7 of the Amended Complaint and hence denies same and demands strict proof thereof from Plaintiff. Defendant, however, admits that Plaintiff is a female and has submitted herself to the jurisdiction of this Court.
8. To the extent a response is required, Defendant denies that it is a business or is required to be licensed as a business under Georgia law.
9. Defendant denies Paragraph 9 of the Amended Complaint.
10. All claims against Defendant Paul Howard have been dismissed in full and therefore no response is required, hence Defendant denies all allegations in paragraph 10.

## FACTUAL ALLEGATIONS

11. Defendant admits Paragraph 11 of the Amended Complaint.
12. To the extent an answer is required to Paragraph 12 of the Amended Complaint, Defendant admits that Plaintiff was Paul Howard's Deputy Chief of Staff and thus worked closely with Paul Howard.

13. Defendant denies Paragraph 13 of the Amended Complaint.

14. Defendant denies Paragraph 14 of the Amended Complaint as phrased. By way of further answer Defendant admits that Plaintiff sent a letter informing Defendant of her pregnancy and dated the letter July 1, 2019.

15. Defendant denies Paragraph 15 of the Amended Complaint as phrased.

16. Defendant denies Paragraph 16 of the Amended Complaint.

17. Defendant denies Paragraph 17 of the Amended Complaint.

18. Defendant denies Paragraph 18 of the Amended Complaint.

19. Defendant denies Paragraph 19 of the Amended Complaint.

20. Defendant denies Paragraph 20 of the Amended Complaint as phrased.

21. Defendant denies Paragraph 21 of the Amended Complaint.

22. Defendant denies Paragraph 22 of the Amended Complaint.

23. Defendant denies Paragraph 23 of the Amended Complaint.

24. All claims incorporating this allegation have been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 24.

25. All claims incorporating this allegation have been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 25.

26. All claims incorporating this allegation have been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 26.

27. All claims incorporating this allegation have been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 27.

28. Defendant denies Paragraph 28 of the Amended Complaint.

29. Defendant denies Paragraph 29 of the Amended Complaint as phrased.

30. Defendant denies Paragraph 30 of the Amended Complaint as phrased.

31. Defendant denies Paragraph 31 of the Amended Complaint as phrased.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint and hence denies same and demands strict proof thereof from Plaintiff.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint and hence denies same and demands strict proof thereof from Plaintiff. By way of further answer Defendant admits that as Deputy Chief of Staff to the District Attorney Plaintiff was a member of the District Attorney's executive and/or personal staff.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and hence denies same and demands strict proof thereof from Plaintiff.

35. Defendant denies Paragraph 35 of the Amended Complaint as phrased.

36. Defendant denies Paragraph 36 of the Amended Complaint as phrased.

37. Defendant denies Paragraph 37 of the Amended Complaint.

38. Defendant denies Paragraph 38 of the Amended Complaint.

39. Defendant denies Paragraph 39 of the Amended Complaint.

40. Defendant denies Paragraph 40 of the Amended Complaint.

41. Defendant denies Paragraph 41 of the Amended Complaint.

42. Defendant denies Paragraph 42 of the Amended Complaint.

43. Defendant denies Paragraph 43 of the Amended Complaint.

## CLAIMS FOR RELIEF

### COUNT ONE: GENDER DISCRIMINATION UNDER TITLE VII

(*Against the DA's Office)*

44. Defendant incorporates its responses to Paragraphs 11-23 and 29-43 as if fully stated herein.

45. To the extent a response is required, Defendant admits that the language quoted is found within the Pregnancy Discrimination Act but denies engaging in any wrongdoing or discrimination.

46. Defendant denies Paragraph 46 of the Amended Complaint.

47. Defendant denies Paragraph 47 of the Amended Complaint.

48. Defendant denies Paragraph 48 of the Amended Complaint.

49. Defendant denies Paragraph 49 of the Amended Complaint.

50. Defendant denies Paragraph 50 of the Amended Complaint.

## COUNT TWO: RETALIATION UNDER TITLE VII

**(***Against the DA's Office)*

51. Defendant incorporates its responses to Paragraphs 11-23 and 28-43 as if fully stated herein.

52. Defendant denies Paragraph 52 of the Amended Complaint.

53. Defendant denies Paragraph 53 of the Amended Complaint.

54. Defendant denies Paragraph 54 of the Amended Complaint.

## COUNT THREE: RACE DISCRIMINATION UNDER TITLE VII[2]

*(Against the DA's Office)*

55. Defendant incorporates its responses to Paragraphs 23-38 as if fully stated herein.

[2] Count Three was dismissed in full. [ECF No. 52].

56. Count Three of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 56.

57. Count Three of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 57.

58. Count Three of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 58.

59. Count Three of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 59.

60. Count Three of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 60.

## COUNT FOUR: RACE DISCRIMINATION UNDER 42 U.S.C. § 1981[3]

*(Against the DA's Office and Howard in his individual capacity)*

61. Defendant incorporates its responses to Paragraphs 23-38 as if fully stated herein.

62. Count Four of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 62.

63. Count Four of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 63.

64. Count Four of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 64.

65. Count Four of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 65.

66. Count Four of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 66.

---

[3] Count Four was dismissed in full. [ECF No. 52]

67. Count Four of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 67.

## COUNT FIVE: GENDER BASED DISCRIMINATION UNDER 42 U.S.C. § 1983[4]

*(Against Howard in his individual capacity)*

68. Defendant incorporates its responses to Paragraphs 11-23 and 29-43 as if fully stated herein.

69. Count Five of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 69.

70. Count Five of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 70.

71. Count Five of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 71.

[4] Count Five was dismissed in full. [ECF No. 52]

72. Count Five of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 72.

73. Count Five of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 73.

74. Count Five of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 74.

75. Count Five of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 75.

76. Count Five of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 76.

77. Count Five of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 77.

78. Count Five of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 78.

79. Count Five of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 79.

80. Count Five of the Amended Complaint has been dismissed in full and therefore no response is required, hence Defendant denies all allegations in Paragraph 80.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to judgment in her favor, that Defendant committed any unlawful act, and that Plaintiff is entitled to any form of legal or equitable relief requested in the unnumbered "Prayer for Relief" paragraph including its subparts (a) through (i) following Paragraph 80.

## DEMAND FOR TRIAL BY JURY

Defendant admits that Plaintiff has demanded trial by jury, but states that Plaintiff is not entitled to a jury trial because Defendant is entitled to judgment as a matter of law.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing defenses.

WHEREFORE, having answered Plaintiff's Amended Complaint and asserted its defenses thereto, Defendant prays that Plaintiff's Amended Complaint be dismissed in its entirety, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant recover its costs and reasonable attorneys' fees incurred in this matter, together with such other and further relief as the Court may deem just and proper.

This 24th day of March, 2021.

Respectfully Submitted,

APPELBAUM HENEFELD & GREEN, PC

/s/ Noah Green
Noah Green, Esq.
Georgia Bar No. 468138
*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DR. JASMINE YOUNGE, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. |
| | § | 1:20-cv-00684-WMR-CMS |
| v. | § | |
| | § | |
| FULTON JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE, GEORGIA, AND FULTON COUNTY DISTRICT ATTORNEY PAUL L. HOWARD, JR., in his individual capacity, | § § § § § § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel of record with a true and accurate copy of Defendant's Answer to Plaintiff's Amended Complaint for Damages, using the Court's E-File ECF System which will automatically serve all counsel and/or parties of record with the foregoing.

*(signature on following page)*

This 24th day of March, 2021.

Respectfully Submitted,

APPELBAUM HENEFELD & GREEN, PC
/s/ Noah Green
Noah Green, Esq.
Georgia Bar No. 468138
*Attorney for Defendant*

9 Lenox Pointe NE, Suite B
Atlanta, Georgia 30324
404.841.1275
ng@aps-law.com