IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DR. JASMINE YOUNGE,<br><br>    Plaintiff,<br><br>v.<br><br>FULTON JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE, GEORGIA<br><br>    Defendant. | Civil Action No.<br><br>1:20-cv-00684-WMR-CMS<br><br>JURY TRIAL DEMANDED |

### THIRD AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF DEFENDANT PURSUANT TO FED. R. CIV. P. 30(b)(6)

**PLEASE TAKE NOTICE** that the Defendant is hereby requested and required, pursuant to Fed. R. Civ. P. Rule 30(b)(6), to designate and produce a person or persons to testify on its behalf at an oral deposition on the following matters designated below. The deposition will commence on December 1, 2021, at 10:00 a.m. EST, and continue until thereafter completed.

The deposition shall be conducted at Firmspace, located at 3344 Peachtree Road, NE, Suite 800, Atlanta, and shall recorded by a certified court reporter by stenographic means and/or by way of audio and/or visual means. It is hereby

requested that prompt notification in writing be given to Plaintiff's counsel as to the names, address, telephone number, capacity and job title of each person so designated to testify and matters on which the person will testify.

Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Defendant is hereby directed to designate one or more officers, directors, managing agents, or other persons who consent to testify on its and are most knowledgeable and competent to testify regarding the matters designated below. The following shall apply to the instant depositions noticed herein.

## I.     Definitions and Instructions

A.     As set forth below, the term "Plaintiff" shall refer to Dr. Jasmine Younge and the term Defendant shall refer to the Defendant herein and any agent or representative of this Defendant, including but not limited to attorneys.

B.     The term "document" or "documents" has the broadest possible meaning accorded under Fed. R. Civ. P. 34 and means any written, recorded, or graphic matter however produced or reproduced, including documents stored in or retrievable by computer. "Documents" include, but are not limited to: memoranda; reports; indexes; books; periodicals; studies; analyses; contracts; agreements; charts; graphs; drawings; spreadsheets; electronic mail; data compilations; notes; Post-its; entries; letters; facsimiles; tapes; records; bulletins; invoices; bills; order forms; receipts;

financial statements; video and audio tapes; photographs; calendars; diaries; communications; correspondence; cablegrams; radiograms; summaries of telephone conversations; meetings or conferences, including a list of persons attending such meetings or conferences; records of investigations; opinions and reports of consultants or experts; tapes, disks or other electronic media; writing or physical thing, including all drafts of originals and preliminary notes on or marginal comments concerning each of the above-described documents. "Documents" shall include electronically stored information, including metadata associated therewith.

C. The term "identify" shall mean a person's full name, present or last known residence or business address (as the case may be), title or job position, and present or last known employer's name (if applicable). If a person is deceased, "identify" shall state the name and place of his or her death.

D. The term "person" means any individual and any legal entity, whether partnership, association, corporation, business trust, legal representative, firm, or any organized group of persons.

## II. Matters Designated for Deposition Testimony

1. The name, address, and employment position of each and every individual who played a decision-making, consultative, and/or advisory role in terminating Plaintiff's employment with Defendant; a complete description in full detail, with

particularity, each such individual's role in the afore-mentioned decision(s); a complete description in full detail, with particularity, the extent to which each such individual's role made a difference in the outcome of the afore-mentioned decision; and a description in full detail, with particularity, of each and every factor, reason, and/or motivation which was relied on by each such individual in reaching the afore-mentioned decisions.

2. The highest number of employees employed by the Office of the District Attorney for the Fulton Judicial District, State of Georgia, Defendant herein, (using the "payroll method" as defined in *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202 (1997)) for each working day in each of twenty or more calendar weeks in the last year of Plaintiff's employment and the year immediately preceding that year.

3. Plaintiff's job description and job duties, including any changes to those duties and the identities of individual(s) who assigned the duties. This topic includes both duties assigned and duties actually performed;

4. The compensation and benefits Plaintiff received while employed with Defendant, as well as the value of Defendant's contribution to any such benefits;

5. The names, dates of employment, and contact information of individuals that have performed job duties for Defendant similar to those performed by Plaintiff at any time during the three years preceding the date this action was filed;

6. Plaintiff's work performance, including receipt of awards, promotions, warnings, reprimands, and performance evaluations;

7. Defendant's methods, policies, and procedures for evaluating the performance of all employees in Plaintiff's position;

8. All information relating to rules, policies, or procedures regarding discrimination or retaliation against employees who report unlawful conduct and the reasons for such rules, policies, or procedures;

9. All information relating to reasons for enacting such rules, policies, and procedures regarding discrimination or harassment;

10. Description in detail of everything Defendant has done to prevent gender-based, and pregnancy-based discrimination, harassment or retaliation, including any training management and employees attended;

11. All information related to steps that Defendant takes to ensure that its HR decisions are not motived by gender and/or pregnancy status;

12. All information related to steps that Defendant takes to ensure that it corrects discrimination in its workplace;

13.     All information related to steps that Defendant takes to ensure that it monitors any corrective action in the workplace to ensure that discrimination is prevented;

14.     Complaints of gender-based or pregnancy-based discrimination (including sexual harassment) involving Mr. Howard received by Defendant from 2013 through the present;

15.     Any investigations into any complaints identified in response topic 13;

16.     A complete description of the electronic collection and storage of electronic "email" communications, to include an identification and description of the manner, methodology, and existence of storage of such data, including whether Defendant maintains this information in active, on-line; near-line; offline storage/archives; tape backups; or some other form.

Respectfully submitted the 9th day of November, 2021.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorneys for Jasmine Younge*

-7-

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DR. JASMINE YOUNGE,<br><br>   Plaintiff,<br><br>v.<br><br>FULTON JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE, GEORGIA<br><br>   Defendant. | Civil Action No.<br><br>1:20-cv-00684-WMR-CMS<br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the THIRD AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF DEFENDANT PURSUANT TO FED. R. CIV. P. 30(b)(6) with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Paul Henefield
>pah@aps-law.com
>Noah Green
>ng@aps-law.com

Respectfully submitted the 9th day of November, 2021.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110