IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASMINE YOUNGE,<br><br>    Plaintiff,<br><br>v.<br><br>FULTON JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE, GEORGIA,<br><br>    Defendant. | Civil Action No.<br><br>1:20-cv-00684-WMR-CMS<br><br>JURY TRIAL DEMANDED |

**MOTION TO REQUIRE RESUMPTION OF THE
DEPOSITION OF PAUL HOWARD WITHOUT LIMITATION
AND MEMORANDUM OF LAW IN SUPPORT**

**I.    INTRODUCTION AND STATEMENT OF FACTS**

Plaintiff seeks the opportunity to resume the deposition of Paul Howard, the sole decision-maker in Ms. Younge's termination to inquire into matters relevant to his credibility. The matters into which Plaintiff intended to inquire arise from a Consent Order in which Mr. Howard admitted failing to disclose two non-profit organizations from which he received income and published articles and Mr. Howard's own statements to the media from which it appears Mr. Howard, in essence, laundered grants from the City of Atlanta to the District Attorney's office through these non-profit organizations in order to increase his own salary.

Mr. Howard allegedly sought a grant from the City of Atlanta specifically to increase his own salary, which request was refused. However, Mr. Howard and then Mayor Kasim Reed agreed that the City would make grants to the DA's office for other purposes. Mr. Howard allegedly transferred these funds to the two non-profit organizations over which he was CEO. Of the $250,000 that was paid by the City of Atlanta to the District Attorney's Office, Mr. Howard ultimately received $195,000 in compensation from these non-profits. (Ex. 1 and 2, hereto).

In a statement given to the AJC and Channel 2, Howard said he secured two $125,000 grants from the city of Atlanta — one in 2015 and another in 2016. Howard said he initially made the highly unusual request in early 2014 because he believed he was underpaid for the work his office did. (Ex. 2, hereto). However, before the allegations came to light in April of 2000, Mr. Howard had concealed his role in these organizations by failing to list them on his campaign finance disclosure reports. This fact is conclusively established by the Consent Order with the Georgia Government and Transparency Finance Commission, in which he was fined for the violation. (Ex. 3, hereto). In September of 2020, the Department of Justice announced a criminal investigation (Ex. 4, hereto), and, in March of 2021, the media reported that a federal grand jury was continuing to investigate. (Ex. 5, hereto).

## II.   ARGUMENT AND CITATION TO AUTHORITY

### A.   It is Defendant's Burden to Show Good Cause to Restrict Discovery

The governing principles in deciding this Motion are found in Rules 26 and 30. Rule 26 provides that a Court may only enter a protective order for "good cause" and that, in this case, it would be Mr. Howard or Defendant who would be obligated to seek and have the burden to show good cause for such an Order.

> Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "Federal courts have superimposed a balancing of interests approach for Rule 26's good cause requirement. This standard requires the district court to balance the party's interest in obtaining access against the other party's interest. . . ." *Chicago Tribune Co. v. Bridgestone/Fireston, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). . . . The party seeking the protection of Rule 26 bears the burden of showing good cause. *Chicago Tribune*, 263 F.3d at 1313.

*Lamonte v. Beavex, Inc.*, No. 1:09-CV-3158-JEC-ECS, 2011 U.S. Dist. LEXIS 169741, at *5-6 (N.D. Ga. Jan. 4, 2011).

"The only ground for [a Rule 30(d)(3)] motion to limit or terminate the deposition is that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." *Mayberry v. Wal-Mart La., LLC*, Civ. A. No. 14-cv-478, 2015 U.S. Dist. LEXIS 11378, 2015 WL 420284, at *3 (W.D. La. Jan. 29, 2015). Rule 30(d)(3)(A) expressly limits the timing for a Rule 30(d)(3) motion:

3

> "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

Fed. R. Civ. P. 30(d)(3)(A); *see Mashiri v. Ocwen Loan Servicing, LLC*, No. 12cv2838-L (MDD), 2014 U.S. Dist. LEXIS 129599, 2014 WL 4608718, at *2 (S.D. Cal. Sept. 15, 2014) ("If counsel for Plaintiff believed that counsel for Defendant was asking the same question repeatedly in bad faith or to unreasonably annoy, embarrass or oppress Plaintiff, counsel's option was to move to terminate or limit the deposition under Rule 30(d)(3). Plaintiff's current motion to terminate the deposition is untimely for that purpose as Rule 30(d)(3) requires the motion be made during the deposition.")

Neither Defendant nor Mr. Howard asserted a privilege during the deposition. In fact, the undersigned inquired repeatedly whether Mr. Howard intended to assert a privilege, specifically including his right to avoid self-incrimination, and opposing counsel specifically declined to do so. The issue first arose during the following questioning and colloquy:

> **Q.   Okay.  And during that time period, was there ever an occasion where you went to the City of Atlanta seeking a grant to increase your compensation as DA?**
>
> MR. GREEN:  Object.  I am not sure where you are going with this.
>
> MR. BILLIPS:  It's background.

BY MR. BILLIPS:

Q. You can answer.

    MR. GREEN: You don't have to answer.

    MR. BILLIPS: Is it privilege?

    MR. GREEN: Where are you going? Are you getting at the criminal –

    MR. BILLIPS: Are you going to suspend the deposition for the purpose?

    MR. GREEN: He is not going to answer any questions about any criminal investigations.

    MR. BILLIPS: Well, then he needs to affirmatively assert the Fifth Amendment.

    MR. GREEN: I am instructing him not to answer.

BY MR. BILLIPS:

Q. Are you asserting your right to avoid self-incrimination?

    MR. GREEN: He is not answering.

    MR. BILLIPS: I am entitled to a response from the witness, not counsel, as to whether he is asserting his right to avoid self-incrimination.

    MR. GREEN: I am instructing him not to answer the question.

BY MR. BILLIPS:

Q. Are you following your counsel's instructions based on the Fifth Amendment?

      MR. GREEN:  I am instructing him not to answer the question.

      BY MR. BILLIPS:

      Q.    Is that a yes or a no?

      MR. GREEN:  I am instructing him not to answer the question.

      MR. BILLIPS:  You are instructing him not to answer the question as to whether he is following your advice?

      MR. GREEN:· Do you want to move on?

      MR. BILLIPS:· That is my question.· That is my question.

      MR. GREEN:· You are asking if he is asserting the Fifth Amendment, not if he is following my advice. Those are two different questions.

      MR. BILLIPS:· Okay.· Well, if he is not asserting the Fifth Amendment, on what basis is he refusing to answer?

      MR. GREEN:· I am instructing him not to answer.

      MR. BILLIPS:· Okay.· On what basis are you instructing him?

      MR. GREEN:· It's irrelevant, it's got nothing to do with this lawsuit, nothing at all. Absolutely nothing.· It's oppressive, it's got nothing to do with this.· It's harassing.

(Paul Howard Depo. at pp. 7-9).

There is nothing in the deposition of Mr. Howard that would indicate that these questions are harassing, but had they been, Rule 30(d) would have required Defendant to act promptly to suspend the deposition and seek a protective order.

> Fed. R. Civ. P. 30(d) specifies how harassment is to be handled. Counsel for the witness may halt the deposition and apply for a protective order, see Rule 30(d)(4), but must not instruct the witness to remain silent. "Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed. R. Civ. P. 30(d)(1). Webber violated this rule repeatedly by telling Gerstein not to answer yet never presenting a motion for a protective order.

*Redwood v. Dobson*, 476 F.3d 462, 467-68 (7th Cir. 2007); *see also* Baicker-McKee, Janssen, Corr Federal Civil Rules Handbook at 852 (party desiring to make motion to terminate or limit deposition may suspend deposition for the period of time necessary to make the motion (citing *McClelland v. Blazin' Wings, Inc.*, 675 F.Supp.2d 1074, 1081 (D.Colo. 2009))).

### B.     Good Cause Does Not Exist for a Protective Order

Defendant's only objection to the questions at issue are on the basis of relevance, oppression, and harassment. However, Mr. Howard has not been so shy about answering questions about this matter in the past. In fact, on several occasions, as shown in the Exhibits hereto, Mr. Howard made voluntary statements to the media regarding the very same matters which are the subject of these questions. Therefore, it is hard to fathom why it is "oppressive" or "harassing" for Mr. Howard to answer questions regarding matters which he has already publicly volunteered.

Regarding relevance, it is true that, at trial, Plaintiff will be unable to use specific instances of conduct to show Mr. Howard's character for untruthfulness (although such instances may be relevant and admissible for other purposes). However, this is not before the Court on a Motion in Limine to preclude evidence on motion or at trial. Instead, the question is whether Plaintiff is entitled to inquire of Mr. Howard during a discovery deposition about specific instances of conduct arguably involving fraudulent use of public funds while Mr. Howard was District Attorney.

> Subsection (b) of that rule prohibits a party from introducing extrinsic evidence of prior specific instances of a witness' conduct in order to attack a witness' character for truthfulness, but the court may allow instances of prior conduct be inquired into if they are probative of untruthfulness. Acts probative of untruthfulness under Rule 608(b) include forgery, perjury and fraud. *Ad-Vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir. 1994). Crimes such as theft, robbery or shoplifting do not involve dishonesty or false statement under Rules 608 or 609. *United States v. Farmer*, 923 F.2d 1557, 1567 (11th Cir. 1991). When applying Rule 608(b), it is essential to remember that the questioner is bound to accept the witness' answers as to the alleged conduct bearing on untruthfulness. 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 608.22 (2d ed. 2011); *U.S. v. Matthews*, 168 F.3d 1234, 1244 (11th Cir. 1999). Hence, the party challenging the veracity of the witness cannot later introduce extrinsic evidence to disprove any statement the witness makes in this respect.
>
> With these principles in mind, the Court concludes that the Magistrate Judge erred in not permitting Plaintiffs, when deposing a witness, to inquire about conduct in which *that deponent* may have been involved which might bear on *that witness'* untruthfulness *and of which Plaintiffs have a good faith basis to believe occurred*. While Plaintiffs

> may inquire of the deponent in this regard, since Plaintiffs must accept the witness' answer and cannot seek to introduce extrinsic evidence to contradict the answer, Plaintiffs may not inquire of other witnesses whether the deponent's answers are true.
>
> In view of the foregoing, the Court finds that to the extent Plaintiffs were denied the opportunity, in good faith, to inquire about prior acts of the deponent which bear on that deponent's untruthfulness, that limitation on discovery was erroneous.

*Blake v. Batmasian*, No. 15-81222-CIV, 2017 U.S. Dist. LEXIS 26712, at *4-6 (S.D. Fla. Feb. 15, 2017).

Another Court considering this issue has held that even properly a filed Motion for Protective Order to bar *discovery* of such specific instances is improper.

> Defendants' objection amounts to a premature *motion in limine* to exclude extrinsic evidence relating to Mr. Santurian's character for truthfulness under Federal Rule of Evidence 608. However, Federal Rule of Civil Procedure 26(b) provides that parties are entitled to discover materials that are "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b); and, the identity of the owner of the corporate defendant in this case falls well within the broad confines of that Rule.
>
> Thus, regardless of whether Plaintiffs are ultimately permitted to use extrinsic evidence of Mr. Santuli's character for truthfulness at trial, the undersigned concludes that it is appropriate to require Defendants to provide Plaintiffs with documents evincing the identity of the owner of the corporate defendant. For instance, the information gleaned as a result of this discovery could be used by Plaintiffs to craft questions to pose to Mr. Santuli during his cross-examination, even if his responses may not be challenged by the introduction of extrinsic evidence. *See* Fed. R. Evid. 608 ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness . . . may not be proved by extrinsic evidence.

9

> They may, however, in the discretion of the court, . . . be inquired into on cross-examination of the witness").

*Ortiz v. Santuli Corp.*, No. 08-20218-CIV-UNGARO, 2009 U.S. Dist. LEXIS 131602, at *5-6 (S.D. Fla. May 14, 2009).  Thus, the Plaintiff is clearly entitled to this discovery, as the answers may reasonably constitute or lead to the discovery of admissible evidence.

### C. Defendant Lacks Standing to Assert Mr. Howard's Rights

Finally, while it is true that a party may seek a protective order concerning discovery disputes, the party may only do so where the individual or entity in need of protection is the party.  Where the individual or entity – even if a party to the lawsuit – is seeking protection of a non-party, there is an absence of standing.

> The non-parties, of course, could seek a protective order for those reasons listed in category two (because those reasons directly affect *them*), and those non-parties could also seek similar relief under Federal Rule of Civil Procedure 45(d)(3) (assuming that a subpoena is the discovery tool involved). But a party could not successfully file a Rule 26(c) motion for protective order or a Rule 45 motion to quash or modify based on the concerns of only non-parties. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 8:20-CV-1328-T-33CPT, 2020 U.S. Dist. LEXIS 229016, 2020 WL 7138621, at *3 (M.D. Fla. Dec. 7, 2020) ("Defendant lack[ed] standing to challenge [a] subpoena on the grounds that it would impose an undue burden on [non-party] to produce documents outside of Rule 45's 100-mile limit."); *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 2:18-cv-01479-KOB-HNJ, 2019 U.S. Dist. LEXIS 177798, 2019 WL 4686352, at *6 (N.D. Ala. Feb. 12, 2019) ("To the extent non-party subpoenas seek documents or information not directly related to a party, such a party has no standing to assert that a subpoena to another seeks irrelevant, burdensome, oppressive, or overly broad information."); *AF Holdings*

10

> *LLC v. Does 1-31*, No. 12-20922-CIV, 2012 U.S. Dist. LEXIS 192664, 2012 WL 12874594, at *1 (S.D. Fla. June 28, 2012) ("To the extent [movant] is claiming any undue hardship on the part of [non-party], [movant] has no standing to raise such an argument under Rule 26.").
>
> But Defendant's expedited motion is fundamentally inconsistent with these cases (and would require them to be decided in a contrary way) because, under her view of Rule 26(c), she *can* file a motion because her mere status as a party (and the use of the word "party" in Rule 26(c)) somehow trumps basic standing principles.
>
> Although Rule 26(c) does not mention a standing component either way, a party does not have standing to challenge discovery propounded to a non-party, unless the party has a personal right or privilege concerning the subject matter of the documents or information sought. *Frenkel v. Acunto*, No. 11-62422-CIV, 2014 U.S. Dist. LEXIS 131696, 2014 WL 4680738, at *3 (S.D. Fla. Sept. 19, 2014) (and also explaining, at *2, an earlier order in the same case that a judgment debtor lacked standing to challenge a subpoena served on a bank for records of non-parties based on their privacy rights); *see also Wheeler v. Blackbear Two, LLC*, No. 6:12-cv—583-ORL-37TBS, 2012 U.S. Dist. LEXIS 117667, 2012 WL 5989423, at *3 (M.D. Fla. Nov. 30, 2012) ("Under Florida law, Defendant does not have standing to object [to discovery] on the basis of its employees' privacy rights," as the right to privacy is "personal to the individual.") (citing *Alterra Healthcare Corp. v. Estate of Shelley*, 827 So.2d 936, 940 (Fla. 2002)); *Adelman v. Boy Scouts of America*, 276 F.R.D. 681, 694 (S.D. Fla. 2011) (finding that party lacks standing to object to discovery based on the privacy rights of non-parties).

*Hernandez v. Burrows*, No. 20-22721-CIV, 2021 U.S. Dist. LEXIS 242390, at *6-8 (S.D. Fla. Dec. 20, 2021). As there is no argument that Defendant has a personal interest or privilege in whether Mr. Howard committed criminal acts of fraud or misappropriation of public funds while in office, Plaintiff requests that the Court

11

order the deposition of Mr. Howard to be reconvened to permit Plaintiff to inquire into these issues.

Respectfully submitted the 18th day of January, 2022.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorneys for Jasmine Younge*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
matt@justiceatwork.com
grace@justiceatwork.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASMINE YOUNGE, | Civil Action No. |
| Plaintiff, | 1:20-cv-00684-WMR-CMS |
| v. | JURY TRIAL DEMANDED |
| FULTON JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE, GEORGIA, | |
| Defendant. | |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed *MOTION TO REQUIRE RESUMPTION OF THE DEPOSITION OF PAUL HOWARD WITHOUT LIMITATION AND MEMORANDUM OF LAW IN SUPPORT* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Paul Henefield
pah@aps-law.com

Noah Green
ng@aps-law.com

13

Respectfully submitted the 18th day of January, 2022.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110