# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DR. JASMINE YOUNGE, | § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. |
| | § | 1:20-cv-00684-WMR-CMS |
| v. | § § | |
| FULTON JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE, GEORGIA, | § § § § | |
| *Defendants.* | § § § | |

## PAUL HOWARD'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL TESTIMONY

COMES NOW, Paul Howard, non-party deponent in the case cited above, with this his Opposition to Plaintiff's Motion to Compel Testimony, showing this Honorable Court as follows:

The claims here include Title VII pregnancy discrimination and retaliation under Title VII. [Docs. 31, 52]. Plaintiff worked for the Fulton Judicial Circuit District Attorney's Office for about two months between May and July 2019. [Doc. 31 ¶¶ 13, 29]. She alleges that Howard, the former district attorney, terminated her based on her pregnancy in violation of Title VII. [*Id.* ¶¶ 45-50]. Plaintiff also alleges that Howard retaliated against her in violation of Title VII. [*Id.* ¶¶ 51-54].

1

In mid-December 2021, Plaintiff deposed Paul Howard. During the deposition Plaintiff asked questions about an alleged investigation into Paul Howard's use of allocated funds while he was district attorney. Howard objected that the questions were irrelevant and were made for the purpose of abuse, oppression, and harassment. Plaintiff contacted the Court during the deposition and stated that: "Paul Howard has been (and may be) under criminal investigation involving the fraudulent misuse of public funds. I believe that this alleged felony offense is permissible discovery." [Dec. 17, 2021, 12:18 PM Email to Court, Subject: Younge v. Fulton County DA]. Counsel for Plaintiff stated many times during the deposition that it was, in part, the intent of the questions to force Mr. Howard to invoke the Fifth Amendment. [Howard Dep. 7:24-8:01, 10:21-11:04]. Mr. Howard did testify to his criminal history generally and that he has never been arrested or charged with a crime. [*Id.* 12:06-08].

Plaintiff has since expanded what she contends Mr. Howard should be compelled to testify about. In her email to the Court, Plaintiff stated that she now seeks to depose Howard on "(1) requesting that the City of Atlanta provide funding for an increase in his salary and, (2) when that was unsuccessful, obtaining a grant from the City of Atlanta which was purportedly to his charity, which was then used to pay Mr. Howard the increased salary he had allegedly sought to obtain directly. An additional

issue in this matter is Mr. Howard's failure to disclose his involvement with the charity after this grant was provided." [Jan. 10, 2022, 11:30 AM Email to Court, Subject: RE: Zoom Conference in 1:20-cv-684-WMR-CMS – Younge v. Fulton Judicial Circuit District Attorney's Office].

Plaintiff's counsel has made clear that he knows nothing about any purported criminal acts. Plaintiff's counsel has stated that he does not know whether Mr. Howard is under investigation or has ever been under investigation. Mr. Howard has never been indicted or charged with any crime related to any investigation. Plaintiff relies on media reports that were mainly written during a political campaign to unseat Mr. Howard. Plaintiff has not argued that she has any evidence of alleged criminal acts. While Plaintiff has repeatedly used the terms fraud and felony to describe purported criminal acts, Plaintiff admittedly is unaware what crimes, if any, were being investigated. Plaintiff has not argued that the proffer is relevant to the claims or defenses in this case. Thus far, Plaintiff's sole argument has been that the testimony she seeks to elicit goes to truthfulness.

A hearing was held with the Court during the deposition. Plaintiff argued that she should be permitted to force Mr. Howard to testify to the facts related to the possible investigation. Defendant argued that the issue was irrelevant and done for abuse, oppression, and harassment. The Court held that the proffered testimony was irrelevant but stated that briefing on the

3

issue would be permitted.

## ARGUMENT AND CITATION TO AUTHORITY

This issue turns on Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Thus, to compel Mr. Howard's testimony, Plaintiff must show that it is relevant to any party's claim or defense, and that it is proportional. Plaintiff's claim here is pregnancy discrimination and retaliation under Title VII. The Defendant has not invoked a defense tied in any way to Mr. Howard's use of allocated funds. Under the *McDonnell Douglas* framework, or any other conceivable Title VII analysis, the testimony about the use of allocated funds by Mr. Howard is unrelated to the claims and defenses. Irrelevant information that is possibly related to a criminal investigation that Plaintiff knows nothing about, has no evidence of, and which raises profound constitutional questions, is far out of proportion to the needs of the case.

"The purpose of discovery is to provide a mechanism for making *relevant* information available to the litigants." *Richards v. City of Atlanta, Ga.*, 1:19-cv-03693-WMR-RDC, 2021 WL 3056851, at *2 (N.D. Ga. Jan. 15, 2021)

4

(emphasis supplied). And "while the scope of discovery is broad, it is not without limits, and the information sought *must be relevant* and not overly burdensome to the responding party." *Id.* (citing *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) (emphasis supplied).

For a motion to compel, the initial burden rests on the moving party to show that the information sought is in fact relevant. *Id.* at *3 (citing *Washington* at 1570 ("Discovery should be tailored to the issues involved in the particular case.")). Plaintiff cannot meet this burden. The testimony sought has no relevance to the claims or defenses in this case. Plaintiff's only argument about relevance is that it goes to truthfulness and credibility. This is not a relevant ground for discovery under Rule 26(b)(1). If credibility concerning matters completely unrelated to claims and defenses in a case were relevant, discovery would be nearly unlimited.

Defendant's research found only one type of claim where courts had found that credibility was relevant to a claim or defense: certification of a class representative. Even there, however, courts hold that discovery on credibility unrelated to the factual claims and defenses in a case are beyond the scope of 26(b)(1).

*Turner v. Office Depot, Inc.*, is instructive. 2:18-cv-779, 2019 WL 11277045 (M.D. Ala. Oct. 25, 2019). There, a party sought discovery about a

5

party's truthfulness, even though the alleged misbehavior was unrelated to the claims or defenses. *Id.* at *3. Analyzing the scope of discovery under Rule 26(b)(1), the *Turner* court held that "any allegations concerning the representative's adequacy must be relevant to the claims in the litigation and must be directed at improper or questionable conduct arising out of or touching upon the very prosecution of the lawsuit." "Alleged misconduct may be too unsubstantiated and attenuated, in time and subject matter, to" have any relevance to the case. *Id.* And discovery on credibility, "must be on an issue critical to one of [the plaintiff's] causes of action." *Id.* In denying discovery on alleged wrongdoing that the party seeking discovery had no evidence of, the *Turner* court wrote,

> Nevertheless, balancing the non-moving party's interest in obtaining discovery against the moving party's proffer of harm that would result from the discovery, this court declines to authorize unlimited [discovery], particularly given the fact that [the movants has] not brought forward any suggestion of actual wrongdoing to date in this case, and it is not [ ] obvious how [the movant] could connect any such misbehavior, even if it were discovered to have occurred, to this litigation.

*Id.*

*Turner* presents a different situation because credibility was an element of the claim: a class action's class representative. Even where credibility was an element of a claim, the court found that, to be discoverable, the topic related to credibility had to be substantiated, unattenuated, and critical to a claim or

6

defense. None of those considerations favor compelling Mr. Howard's testimony.

Credibility is not an element of any of the claims or defenses in this lawsuit. Nor is the discovery sought relevant. Mr. Howard's use of allocated funds is disconnected to the pregnancy discrimination claims under Title VII or to the Defendant's defenses. Plaintiff's argument that credibility is generally a ground for discovery would completely eviscerate the rules grounding discovery in matters relevant to the claims or defenses. In other words, to permit discovery on a matter so far afield from the claims or defenses would render the Federal Rules of Civil Procedure's language on relevance meaningless.

The discovery sought is also out of proportion to the needs of a case. On its face, claims under Title VII are far removed from a possible criminal investigation into Mr. Howard's use of allocated funds. Proportionality concerns what information is relevant based on the needs of the case. *Schwanke v. JB Med. Mgmt. Solutions, Inc.*, 5:16-cv-597, 2017 WL 3034039, at *7 (M.D. Fla. July 18, 2017). The Court should be guided by the factors in Rule 26(b)(1). *Id.* "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* Again, beginning with Rule 26(b)(1), a consideration of the

7

claims and defenses at issue in the case, and the irrelevancy of the discovery sought, illustrate why the testimony Plaintiff seeks to compel is disproportionate and should not be permitted.

Some of the hardships, including abuse, oppression, and harassment, that the Court should balance in a civil case are the constitutional concerns of compelling irrelevant testimony that is possibly targeted to a criminal investigation. Beyond the scope of relevance, the Court has tools available to prevent the kind of discovery Plaintiff seeks. For example, the Court has broad powers to limit discovery in the interests of justice. *Degen v. U.S.*, 517 U.S. 820, 826 (1996). "Decisions in the Courts of Appeals have sustained protective orders to prevent parties from using civil discovery to evade restrictions on discovery in criminal cases." *Id.* The Supreme Court has also specifically acknowledged that a district court "can exercise its discretion to manage the civil litigation to avoid interference with a criminal case." *Id.* at 827. Courts have held that use of a court's inherent power to prevent discovery which implicates a party's rights against self-incrimination are paramount and that a protective order alone does not provide ample protection "since it may be overturned or modified and does not guarantee that evidence obtained through civil discovery will not somehow find its way into the government's hands for use in a subsequent criminal prosecution." *Andover Data Serv. v. Statistical Tabulating Corp.*, 876 F.2d 1080, 1083 (2d Cir. 1989) (holding that

compelling testimony that implicates the fifth amendment right against self-incrimination in a civil case absent any grant of immunity raises serious constitutional concerns).

At least one statute in the U.S. Code defines harassment:

the term "harassment" means a course of conduct directed at a specific person that—

(A) causes substantial emotional distress in such person; and

(B) serves no legitimate purpose.

18 U.S.C. § 1514(c)(1). Courts have held that the emotional distress prong is satisfied by the threat of criminal or civil prosecution. See *U.S. v. Tison*, 780 F.2d 1569, 1571-72 (11th Cir. 1986). In *Tison*, the court held that permitting discovery on criminal matters that would directly implicate the party's position in a criminal proceeding "served no legitimate purpose." The facts differ from this case since there was a pending criminal prosecution in *Tison*. But the considerations of abuse, oppression, and harassment that results from Plaintiff seeking to compel this testimony is analogous. The purpose is to harass Mr. Howard by endeavoring into irrelevant matters that, Plaintiff contends, might relate to a criminal prosecution. Even if the discovery sought were relevant, which it is not, the balance weighs firmly against compelling testimony— unrelated to the claims or defenses— which carries with it even a remote possibility of a resulting criminal prosecution. Discovery should not

9

be used to abuse, oppress, or harass Mr. Howard. Plaintiff's attempt to compel testimony should be denied.

## CONCLUSION

For these reasons, Plaintiff's Motion to Compel Testimony should be denied.

This 18th day of January, 2022.

                                      HENEFELD & GREEN, P.C.

                                      /s/ Noah Green
                                      Noah Green
                                        Georgia Bar No. 468138
                                        *Attorney for Defendant Fulton Judicial Circuit*
                                        *District Attorney's Office*

3017 Bolling Way NE, Suite 129
Atlanta, Georgia 30305
(404) 841-1275
ngreen@henefeldgreen.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 13-point Century Schoolbook type face.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DR. JASMINE YOUNGE, | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. |
| | § | 1:20-cv-00684-WMR-CMS |
| v. | § | |
| | § | |
| FULTON JUDICIAL CIRCUIT | § | |
| DISTRICT ATTORNEY'S OFFICE, | § | |
| GEORGIA, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing parties with a copy of **PAUL HOWARD'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL TESTIMONY**, by filing same with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This 18th day of January, 2022.

                HENEFELD & GREEN, P.C.

                /s/ Noah Green
                Noah Green
                Georgia Bar No. 468138
                *Attorney for Defendant Fulton Judicial Circuit District Attorney's Office*

3017 Bolling Way NE, Suite 129
Atlanta, Georgia 30305
(404) 841-1275
ngreen@henefeldgreen.com