# EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DR. JASMINE YOUNGE, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. |
| | § | 1:20-cv-00684-WMR-CMS |
| v. | § § | |
| FULTON JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE, GEORGIA, | § § § § | |
| *Defendants*. | § § | |

## DEFENDANT'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in the disclosure response.

N/A

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been name by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

N/A

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

Plaintiff's Amended Complaint alleges pregnancy discrimination and retaliation under 42 U.S.C. § 2000e *et seq*. (Title VII). Plaintiff was hired as Deputy Chief of

<u>Staff to the District Attorney of the Fulton Judicial Circuit, Paul Howard, on May 1, 2019. Plaintiff worked closely with Mr. Howard as part of his staff.</u>

<u>Defendant does not have evidence that Plaintiff has satisfied the conditions precedent to suit, met the administrative prerequisites, or secured a proper right to sue notice under 42 U.S.C. § 2000e-5(f)(1).</u>

<u>Almost immediately after beginning, there were complaints about Plaintiff from other staff members of the DA's Office. The complaints about Plaintiff ranged from the relatively minor to serious. Further, there were concerns over Plaintiff's ability to carry out her job duties after she failed to produce competent work product.</u>

<u>After three months, it became clear that Plaintiff was not suited for the Deputy Chief of Staff position, a leadership role working closely with the District Attorney. As a result, Plaintiff was terminated for legitimate business reasons.</u>

<u>Paul Howard sent Plaintiff a letter stating that she should resign. The offer to allow Plaintiff the ability to resign was tantamount to a termination letter, thus, her access to the DA's Office was revoked and her entry card cancelled. Plaintiff later refused to resign. This forced Mr. Howard to send a formal termination letter to the Plaintiff. It was after Plaintiff's termination that she apparently made a complaint about Mr. Howard to the EEOC. Since Mr. Howard had no knowledge that Plaintiff made a complaint when he asked her to resign, there was no retaliation.</u>

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

    (a) 42 U.S.C. § 2000e *et seq.* (Title VII)
    (b) 42 U.S.C. § 2000e-5(f)(1)
    (c) 29 C.F.R. § 1601.28
    (d) *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973)

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

<u>See Attachment A.</u>

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report

satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

None at this time.

(7) Provide a copy of, or description by category and location of, all documents, data compilations or electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

See Attachment C.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, he documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

None.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

None.

(10)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

See Attachment E.

This 15th day of June, 2021.

APPELBAUM HENEFELD GREEN, P.C.
/s/ Noah Green
Noah Green
Georgia Bar No. 468138
*Attorney for Defendant*

9 Lenox Pointe NE, Suite B
Atlanta, Georgia 30324
(404) 841-1275
ng@aps-law.com