IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DR. JASMINE YOUNGE,<br><br>    Plaintiff,<br><br>v.<br><br>FULTON JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE, GEORGIA<br><br>    Defendant. | Civil Action No.<br><br>1:20-cv-00684-WMR-CMS<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S NOTICE OF OBJECTION TO
DEFENDANT'S UNTIMELY ARGUMENT**

COMES NOW, Plaintiff Jasmine Younge ("Plaintiff"), by and through the undersigned, and files this, her Notice of Objection to Defendant Fulton Judicial Circuit District Attorney's Office, Georgia's ("Defendant") Untimely Argument as follows:

**INTRODUCTION**

In violation of the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Georgia, and this Court's Orders, Defendant added a substantive argument to its 3rd Motion for Summary Judgment [Doc. 104] that Plaintiff's claims should be dismissed because her Right to Sue Notice came from the EEOC rather

1

than the Attorney General. This argument is untimely and should not be considered at summary judgment.

## BACKGROUND

The Federal Rules of Civil Procedure set the deadline for a party to make an argument for summary judgment at "30 days after the close of all discovery" unless "a different time is set by local rule or the court orders otherwise." Fed. R. Civ. P. 56(b). Similarly, the Local Rules for the Northern District of Georgia require parties to file summary judgment motions "not later than thirty (30) days after the close of discovery" unless "otherwise ordered by the Court[.]" LR 56.1(D), N.D. Ga. This Court also instructed that "[m]otions for summary judgment, if any, are due no later than **thirty days** after the close of discovery unless otherwise permitted by order of the Court." [Doc. 58]. Finally, in this case, the Court specifically extended and set the deadline for parties to file for summary judgment to April 8, 2022. [Doc. 88].

It follows that all summary judgment arguments made after this deadline are untimely. Otherwise, Parties would be free to keep filing summary judgment motions or "amending" their motions to keep adding new arguments, rendering the deadline a nullity.

## **FACTS**

On April 8, 2022 – the last day allowed by this Court for filing for summary judgment – Defendant filed a Motion for Summary Judgment. [Doc. 96]. Defendant's Brief in support of this Motion did not include an argument that Plaintiff failed to obtain a Right to Sue Notice from the Attorney General. [Doc. 96-1].

Five days later – on April 11, 2022 – Defendant filed an "Amended" Motion for Summary Judgment. [Doc. 97]. This Amended Motion and its attached Brief also did not contain an argument that Plaintiff failed to obtain a Right to Sue Notice from the Attorney General. [Doc. 97-1].

On May 11, 2022, this Court issued an Order [Doc. 103] striking both of the above Motions for Summary Judgment because they were not filed in the form and format required by this Court's Order Modifying Local Rule 56.1. This Court ordered Defendant "to refile its motion for summary judgment and to do so in a manner that complies fully with the Scheduling Order and Case Management Instructions, including the Order Modifying Local Rule 56.1, no later than Monday, May 16, 2022." [Doc. 103, p. 2]. Notably, this Order only instructed Defendant to bring its summary judgment motion into compliance with the Court's previous Order regarding format. It did not give Defendant permission to amend the substance of the motion to add additional arguments.

On May 16, 2022, Defendant filed its current pending Motion for Summary Judgment. [Doc. 104]. <u>For the first time</u>, Defendant added the argument that Plaintiff's case should be dismissed on the grounds that she failed to obtain a Right to Sue Notice from the Attorney General. [Doc. 104-1, pp. 23-25].

## ARGUMENT

Defendant's new argument regarding the Right to Sue Notice was asserted for the first time on May 16 – 38 days after the deadline set by this Court for making summary judgment arguments. It is thus untimely.

Moreover, this Court's May 11 Order [Doc. 103] did not give Defendant permission to add additional arguments. It only provided for formatting changes, particularly to Defendant's Statement of Material Facts. Therefore, Defendant did not have this Court's permission to add a new, untimely argument to its 3rd Motion for Summary Judgment.

## CONCLUSION

Plaintiff OBJECTS to Defendant's arguments regarding the Right to Sue Notice as untimely and, for this reason, urges the Court not to consider those arguments.

**[SIGNATURE ON NEXT PAGE]**.

Respectfully submitted the 10th day of June, 2022.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110
Grace A. Starling
Georgia Bar No. 464958

*Attorneys for Jasmine Younge*

P.O. Box 530092
Atlanta, GA 30353
matt@justiceatwork.com
grace@justiceatwork.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DR. JASMINE YOUNGE,<br><br>    Plaintiff,<br><br>v.<br><br>FULTON JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE, GEORGIA<br><br>    Defendant. | Civil Action No.<br><br>1:20-cv-00684-WMR-CMS<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed *Notice of Objection to Defendant's Untimely Argument* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Respectfully submitted the 10th day of June, 2022.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

6