IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| DR. JASMINE YOUNGE, | § | |
|---|---|---|
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. |
| | § | 1:20-cv-00684-WMR-CMS |
| v. | § | |
| | § | |
| FULTON JUDICIAL CIRCUIT DISTRICT ATTORNEY'S OFFICE, GEORGIA, | § § § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

Firstly, Defendant was unable to find where Plaintiff's RSMF/SMF had been filed with the Court or appears on the docket. The only document in the docket is a "Proposed Statement of Facts." Thus, Defendant does not believe that the actual document was ever filed. Defendant objects to a "proposed" document being considered and objects to Plaintiff not filing a final document.

| | STATEMENT OF FACT | EVIDENTIARY CITATION |
|---|---|---|
| 1. | Not disputed. | |
| 2. | Objection: this is a legal argument and a legal conclusion related | |

| | | |
|---|---|---|
| | to a legal issue, not a fact in evidence. | |
| 3. | Objection: this is a legal argument and a legal conclusion related to a legal issue, not a fact in evidence. | |
| 4. | Objection: this is a legal argument and a legal conclusion related to a legal issue, not a fact in evidence. | |
| 5. | Objection: this refers to legal argument in a legal document and a legal conclusion related to a legal issue, not a fact in evidence. | |
| 6. | Disputed. | Plaintiff's citations to the depositions do not support this contention and contain hearsay in a Grimes Decl. Plaintiff was hired for the position she applied for. Howard had to sign an oath that county funds would be used for the salary of a personal staff member. Doc. 105, SMF ¶¶ 1-2; Doc. 93, Pl.'s Dep. 17:23-18:05. |
| 7. | Disputed. | Plaintiff's citations to the depositions do not support this contention. Plaintiff ranked in the top three of staff at the DA's Office. Doc. 94, Nelson Dep. 39:10-14; Doc. 105, SMF ¶¶ 3-8 |
| 8. | Disputed. | Plaintiff's citation to the deposition do not support this contention. Doc. 105, SMF ¶¶ 9-10. |
| 9. | Disputed. | Plaintiff offered no deposition testimony on this point. |
| 10. | Disputed. | Doc. 105, SMF ¶¶ 11, 14-18, 20. |

| 11. | Disputed. | This is a mischaracterization. Howard allowed employees to report to him so that he could be involved with the running of the office. Plaintiff testified that she was one of the only people on staff that did not need to make appointments to see Howard and was "one of the few on staff that was just able to walk into his office at any time." Doc. 105, SMF ¶ 20. |
|---|---|---|
| 12. | Disputed. | Plaintiff was the Director of Policy & Programs. Doc. 105, SMF ¶¶ 4-8, 12. Plaintiff stated that she drafted policy and ensured that the policies were carried out on behalf of the DA's Office. *Id.* ¶ 22. Plaintiff was at the DA's Office for less than three months. |
| 13. | Objection: this refers to legal argument in a legal document and a legal conclusion related to a legal issue, not a fact in evidence. | |
| 14. | Objection: this refers to legal argument in a legal document and a legal conclusion related to a legal issue, not a fact in evidence. | Defendant's Initial Disclosures cite the specific statute and regulation dealing with obtaining right to sue letters from the proper entity. |
| 15. | Objection: this refers to legal argument in a legal document and a legal conclusion related to a legal issue, not a fact in evidence. | |

| | | |
|---|---|---|
| 16. | | Plaintiff's attorney requested a right to sue letter and thus Defendant has no knowledge of what counsel was told. Further, it is not the EEOC's role to direct attorneys on the law. |
| 17. | Disputed. | Doc. 95, Howard Dep. 24:12-22; Doc. 94, Nelson Dep. 27:16-28:11. |
| 18. | Disputed. | In a recording that Plaintiff was secretly making, Plaintiff admitted to Howard after being challenged that he had never made a statement about a "threat." Doc. 105, SMF ¶ 39. |
| 19. | Disputed. | The citation does not support this assertion. Howard testified that based on information he learned later, and based upon the fact that she provided the letter the day after he spoke with her about the complaints and an incident with an attorney, that he felt the situation was out of place. |
| 20. | Object to the characterization that it was demanded. | The meeting is recorded and speaks for itself. Doc. 104-6; Doc. 105, SMF ¶ 40. |
| 21. | Not disputed in part. | The undisputed evidence shows that Howard had already decided to terminate Plaintiff after learning of the complaints and after having a discussion with Plaintiff about what took place. Doc. 105, SMF ¶¶ 23-33; 34. |
| 22. | Disputed. | Plaintiff's deposition does not support this assertion. Plaintiff testified that the only staff members with the ability to setup and change meetings for Mr. Howard were herself, his executive assistant, and the media director. Pl.'s Dep. 81:20-82:07. |
| 23. | Disputed. | See response to No.22. |

| | | |
|---|---|---|
| **24.** | Not Disputed. | Plaintiff had the same access up until her termination. Plaintiff's deposition does not support a different contention. |
| **25.** | Disputed. | Plaintiff's deposition testimony does not support that Howard himself excluded Plaintiff nor did Plaintiff testify that she had any direct knowledge that Howard excluded her. Howard did not setup or change his meetings. Pl.'s Dep. 81:20-82:07. |
| **26.** | Disputed. | The record does not support this assertion. Plaintiff is referring to a situation where she was unable to complete a template and Mr. Howard had to assign it to another member of his personal staff. Howard Dep. 29:14-31:04. |
| **27.** | Not Disputed. | Ms. Becker-Brown was hired over six months later at the beginning of 2020. Howard Dep.16:19-22. |
| **28.** | Not Disputed. | Ms. Nelson was Chief of Staff and in charge of Human Resources. Nelson Dep. 41. |
| **29.** | Not Disputed. | |
| **30.** | Disputed. | This claim is the precise opposite of what Ms. Nelson testified to. Nelson Dep. 29:25-30:08. |
| **31.** | Not Disputed. | |
| **32.** | Disputed. | There were numerous complaints made by long-tenured employees at the DA's Office. The complaints were made directly to Lynne Nelson, who oversaw Human Resources. Nelson Dep.41; Doc 105, SMF ¶¶ 23-32. |
| **33.** | Disputed. | Howard discussed the complaints with her. Doc. 105, SMF ¶ 30. The complaints are discussed at length in the recording of the termination hearing. Doc. 104-6. |
| **34.** | Disputed in part. | After the complaints were reduced to writing they were placed in Plaintiff's personnel file. |

| 35. | Disputed. | The written complaints were placed in Plaintiff's personnel file after they were received. |
| --- | --- | --- |
| 36. | Disputed. | Each of the complaints describe incidents that happened while Plaintiff was a member of the DA's Office. Doc. 105, SMF ¶¶ 23-32. It is not disputed that the complaints were reduced to writing after Plaintiff's termination. |
| 37. | Disputed. | This claim is baseless and lacks any record support. |
| 38. | Disputed in part. | Howard testified that this incident was the final straw. Doc. 105, SMF ¶ 33. |
| 39. | Disputed and immaterial. | Even if Howard was wrong about what he witnessed, the decision to terminate was not based on animus. Doc. 105, SMF ¶ 33. |
| 40. | Disputed and immaterial. | |
| 41. | Disputed and immaterial. | |
| 42. | Disputed and immaterial. | |
| 43. | Disputed and immaterial. | |

This 5th day of August, 2022.

HENEFELD & GREEN, P.C.

/s/ Noah Green
Noah Green
Georgia Bar No. 468138
*Attorney for Defendant*